IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALERO REFINING COMPANY-<br>OKLAHOMA, a Michigan corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>3M COMPANY, a Delaware corporation; E.I.<br>DUPONT DE NEMOURS AND COMPANY, a<br>Delaware corporation; THE CHEMOURS<br>COMPANY, a Delaware corporation;<br>NATIONAL FOAM, INC., a Delaware<br>corporation; BUCKEYE FIRE EQUIPMENT<br>COMPANY, an Ohio corporation; KIDDE-<br>FENWAL, INC., a Delaware corporation, and<br>DOE DEFENDANTS 1 to 20,<br>a Foreign Corporation,<br><br>        Defendants. | Case No.  19-CV-223-SPS |

## NOTICE OF REMOVAL

Defendant 3M Company ("3M"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the District Court in and for Carter County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma. The grounds for removal are as follows:

1. Plaintiff commenced this action by filing Plaintiff's Petition ("Petition") on June 28, 2019 in the District Court in and for Carter County, State of Oklahoma. A true and correct copy of the Petition is attached hereto as Exhibit 1. A true and correct copy of the docket sheet for the case is attached hereto as Exhibit 2. The case was docketed with case number CJ-2019-00148.

2. Plaintiff has not served copies of the Petition, summons, or any other process, pleadings or orders on 3M.

3. Upon information and belief, none of the other named Defendants in this matter (*i.e.*, those Defendants that are not "Doe Defendants") have been served with copies of the Petition, summons, or any other process, pleadings or orders in this action. As a result, their consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants "who have been properly joined *and served* must join in or consent to the removal of the action" when removal is based solely on 28 U.S. Code § 1441 (emphasis added)); *Sheldon v. Khanal*, 502 Fed. App'x 765, 770 (10th Cir. 2012) ("the clear statutory language require[es] only *served* defendants to consent to removal" (citing § 1446(b)(2)(A)).

4. The consent of the "Doe Defendants" is likewise not required for removal. *See Green v. America Online (AOL)*, 318 F.3d 465, 470 (3d. Cir. 2003) ("Green argues that the removal was defective because the John Doe defendants did not join the notice of removal. However, the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown."); *Bonadeo v. Lujan*, 2009 WL 1324119, at *6 (D.N.M. Apr. 30, 2009) ("John Doe defendants are not required to join in the removal notice.").

5. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon 3M of the Petition and summons. 3M has not yet been served. Accordingly, removal is timely.

6. Because 3M has not yet been served, the time for 3M to answer, move, or otherwise plead with respect to the Petition has not yet expired.

7. Concurrent with the filing of this Notice, 3M is serving this Notice on Plaintiff's counsel and on the other named Defendants and is filing a copy of the Notice with the Clerk of the District Court in and for Carter County, State of Oklahoma. Venue is proper in this Court

pursuant to 28 U.S.C. §§ 112(c) and 1441(a), because the United States District Court for the Eastern District of Oklahoma is the federal judicial district and division embracing the District Court in and for Carter County, State of Oklahoma, where this action was originally filed.

8.  By filing a Notice of Removal in this matter, 3M does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

9.  Moreover, 3M reserves the right to amend or supplement this Notice of Removal.

10.  If any question arises as to the propriety of the removal of this action, 3M requests the opportunity to present a brief and requests oral argument in support of removal.

11.  As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

12.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *See, e.g.*, *Kier v. Lowery*, 2017 WL 1015319, at *7 (N.D. Okla. Mar. 15, 2017).

13.  The Petition alleges that Plaintiff is "is a Michigan corporation with its principal place of business in San Antonio, Texas." Petition ¶ 1. Plaintiff is thus a citizen of Michigan and Texas.

14.  As alleged in the Petition, 3M is incorporated in the state of Delaware and has its principal place of business in St. Paul, Minnesota. *See* Petition ¶ 2. 3M is thus a citizen of Delaware and Minnesota.

15. The Petition alleges that Defendant E.I. du Pont de Nemours and Company ("EID") is a Delaware corporation with its principal place of business in Wilmington, Delaware. Petition ¶ 4. On information and belief, EID is a citizen of Delaware.

16. As further alleged in the Petition, Defendant The Chemours Company ("Chemours") is a Delaware corporation, with its "main place of business located in Wilmington, Delaware." Petition ¶ 6. Thus, on information and belief, Chemours is a citizen of Delaware.

17. The Petition also alleges that Defendant National Foam, Inc. ("National Foam") is a Delaware corporation with its principal place of business in Angier, North Carolina. Petition ¶ 8. Thus, on information and belief, National Foam is a citizen of Delaware and North Carolina.

18. As further alleged in the Petition, Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation with its principal place of business in Kings Mountain, North Carolina. Petition ¶ 10. Thus, on information and belief, Buckeye is a citizen of Ohio and North Carolina.

19. The Petition also alleges that Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal") is a Delaware corporation with its principal place of business in Farmington, Connecticut. Petition ¶ 12. On information and belief, Kidde-Fenwal is a Delaware corporation, but has its principal place of business in Ashland, Massachusetts. In any event, Kidde-Fenwal is plainly not a citizen of Michigan or Texas, and is thus diverse from Plaintiff.

20. Upon information and belief, none of the Doe Defendants have been substituted with any named Defendants or been served with process. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(a); *accord Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006); *Soliman v.*

*Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Therefore, the citizenship of the Doe Defendants must be disregarded for purposes of diversity.

21. Because Plaintiff is a citizen of Michigan and Texas, and Defendants 3M, EID, Chemours, National Foam, Buckeye, and Kidde-Fenwal are not citizens of Michigan or Texas, complete diversity among the parties exists in this action.

## AMOUNT IN CONTROVERSY

22. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Klementovicz v. State Farm Fire and Cas. Co.*, 2019 WL 1379939, at *1-*2 (N.D. Okla. Mar. 27, 2019) (citing *Dart*); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). While 3M denies that Plaintiff is entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiff in the Petition that "the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

23. Plaintiff alleges that 3M "designed, manufactured, marketed, and/or sold aqueous film-forming foam ('AFFF') products containing Long-Chain PFAS, that were purchased and/or used by Valero or were stored and/or used on properties owned and/or operated by Valero." Petition ¶ 2; *accord*, *e.g.*, *id.* ¶ 27 (alleging that the "Manufacturer Defendants . . . designed, manufactured, marketed, and/or sold AFFF products, and/or supplied fluorosurfactants incorporated into AFFF products").

24.     Plaintiff further alleges that "AFFF was developed to extinguish fires involving flammable substances that cannot be extinguished with water alone" (*id.* ¶ 22), that "[r]efineries, bulk storage facilities, and terminals, such as those owned and operated by Valero, maintain and use AFFF to extinguish petroleum fires" (*id.* ¶ 24), and that "Valero owns and operates the Ardmore Refinery and associated facilities in Carter County, Oklahoma where Manufacturer Defendants' AFFF products were purchased, stored, and/or used" (*id.* ¶ 25).

25.     In addition, Plaintiff alleges that "[t]he United States Environmental Protection Agency ('USEPA') and state environmental agencies around the country are now aggressively investigating PFOA, PFOS, and other Long-Chain PFAS compounds and are in the process of establishing regulatory guidelines, Maximum Contaminant Levels ('MCLs'), and other cleanup standards for Long-Chain PFAS compounds," and that "USEPA is now moving forward with various regulatory actions, including listing PFOA and PFOS as hazardous substances under Comprehensive Environmental Response, Compensation and Liability Act ('CERCLA'), creating MCL levels for drinking water, and/or creating remediation levels for PFOA, PFOS, and other Long Chain PFAS compounds." *Id.* ¶ 28; *see also id.* ¶¶ 29-30.

26.     Plaintiff also alleges that "[t]he State of Oklahoma supports the 'evaluation of which PFOA/PFOS compounds may need to be phased out of common usage' under the Toxic Substances Control Act," and "also 'support[s] consideration of making specific PFOA/PFOS compounds Superfund hazardous substances in order for EPA and/or states to use Superfund authority to address contaminated groundwater and surface water." *Id.* ¶ 31.

27.     And Plaintiff alleges that "[a]s a result of these and other regulatory actions, Valero has incurred and will continue to incur costs of addressing Long-Chain PFAS related to Manufacturer Defendants' AFFF products." *Id.* ¶ 32; *accord id.* ¶ 36 ("As a direct and proximate

result of the conduct and products of the Manufacturer Defendants, *Valero has incurred and will continue to incur substantial damages and costs* associated with their products at the Site, including but not limited to disposing of and replacing unused products containing Long-Chain PFAS, [and] detecting, investigating, and remediating to various regulatory standards related to Manufacturer Defendants' AFFF products and their Long-Chain PFAS constituents.") (emphasis added).

28. "Accordingly," Plaintiff is seeking "(1) compensatory damages consisting of general and site-specific costs and damages incurred and to be incurred by Valero including, but not limited to, costs to dispose of unused AFFF products; replacement costs; costs of identifying, investigating, monitoring, and/or remediating Manufacturer Defendants' AFFF products and related costs; and real property environmental stigma/loss of market value damages." *Id.* ¶ 39. Plaintiff also seeks, among other forms of relief, "punitive damages" and "injunctive relief, requiring Defendants to perform investigative efforts, remedial and other work caused or necessitated by Manufacturer Defendants' AFFF products." *Id.*

29. In its Prayer for Relief, Plaintiff further states that it is seeking, among other things, (a) to hold "all Defendants . . . jointly and/or severally liable as appropriate," and an award of "damages consisting of costs incurred and to be incurred in responding to any contamination caused by the Manufacturer Defendants' AFFF products, and damages for injury to, destruction of, and loss of Valero's property, including the costs of disposing of and replacing unused products, and assessing, monitoring and/or remediating damages, and the costs of experts needed to make such an assessment"; (b) injunctive relief "requiring Defendants to perform investigative and remedial work in response to any threats and/or damages they have caused"; (c) "damages to pay for the remediation and/or restoration of the Long-Chain PFAS chemicals

and/or for efforts, and/or to pay for the diminution in market value for each of the Sites"; (d) "exemplary damages in an amount to be determined at trial"; (e) "a civil penalty in the amount of $2,000 for each unconscionable act or practice of Manufacturer Defendants in violation of the Oklahoma Consumer Protection Act." *See id.* at p. 24 (Prayer for Relief). In addition, Plaintiff seeks an order requiring the Manufacturer Defendants to "forfeit and pay a civil penalty of $10,000 per violation of the Oklahoma Consumer Protection Act" as well as an award of equitable relief for Plaintiff's "reasonably expected future damages." *Id.* at 25 (Prayer for Relief).

30.  Plaintiff's assertion of punitive damages further supports a finding that the amount-in-controversy requirement is satisfied. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Klementovicz*, 2019 WL 1379939, at *2 (quoting *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003)); *Kier*, 2017 WL 1015319, at *9 ("Although plaintiff failed to allege the jurisdictional amount in her pleadings, the Court agrees with defendant that the existence of plaintiff's punitive damages claims precludes a finding that the case definitively does not involve more than $75,000." (footnote omitted)).[1]

31.  In short, the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

---

[1]  As in *Kier*, Plaintiff here has failed to comply with the Oklahoma pleading statute that requires plaintiffs to "explicitly state a specific amount of damages sought." *See Kier*, 2017 WL 1015319, at *9 & n.9; *see also* 12 Okla. Stat. § 2008 ("Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.").

32. Because there is complete diversity of citizenship between Plaintiff and the Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by 3M on diversity grounds.

WHEREFORE, Notice is given that this action is removed from the District Court in and for Carter County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

DATED: July 10, 2019					Respectfully submitted,

							**3M Company**

							*s/Phillip G. Whaley*
							Phillip G. Whaley, OBA No. 13371
							RYAN WHALEY COLDIRON JANTZEN PETERS
							 & WEBBER PLLC
							900 Robinson Renaissance
							119 N. Robinson
							Oklahoma City, OK  73102
							Telephone:  (405) 239-6040
							Facsimile:  (405) 239-6766
							Email:  pwhaley@ryanwhaley.com


							Daniel L. Ring (*pro hac vice to be filed*)
							MAYER BROWN LLP
							71 South Wacker Drive
							Chicago, Illinois 60606
							Tel: (312) 782-0600
							Fax: (312) 701-7711
							dring@mayerbrown.com

							***Counsel for Defendant, 3M Company***

## CERTIFICATE OF SERVICE

      I certify that on July 10, 2019, I caused a true and correct copy of the foregoing Notice of Removal to be filed electronically via the Court's CM/ECF system. I also served copies of the foregoing Notice of Removal at the following address by First Class, U.S. Mail:

D. Kenyon Williams, Jr.
Dawson A. Brotemarkle
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 S. Boston Ave., Suite 200
Tulsa, OK 74103-3706

*Attorneys for Plaintiff Valero Refining Company-Oklahoma*

and served copies of the foregoing Notice of Removal to the following addresses via Certified Mail, Return Receipt Requested, to:

E.I. Du Pont De Nemours & Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801
*Defendant*

Buckeye Fire Equipment Company
1100 King Road
Mountain, NC  28086
*Defendant*

The Chemours Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801
*Defendant*

Kidde-Fenwal, Inc.
400 Main Street
Ashland, MA  01721
*Defendant*

National Foam, Inc.
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801
*Defendant*

                          *s/Phillip G. Whaley*
                          Phillip G. Whaley